EDWARD CASEY, APPELLANT, v. TOWNSHIP OF BRIDGE-WATER, COUNTY OF SOMERSET, STATE OF NEW JERSEY, A CORPORATION, RESPONDENT.

Argued February 10, 1930—Decided October 20, 1930.

For the appellant, *Louis Auerbacher, Jr.*

For the respondent, *Frederick A. Pope.*

The opinion of the court was delivered by

McGLENNON, J.   In this case a motion for nonsuit was granted on the opening made by counsel for the plaintiff, and statement of facts he intended to prove.   In substance, these facts were as follows:   On October 16th, 1926, the plaintiff was engaged as a driver of an auto truck by one Fred Goellner.   Goellner had been employed by the defendant township to supply a truck, driver and two men to dig and remove gravel from a gravel pit, located on private land ·owned by one Andrew Ballantine.   The defendant, a municipal corporation, was engaged in the building and repair of a road within its corporate limits, and had contracted with the owner of the land, Ballantine, for the right to dig and cart away gravel from his pit, at a certain price per load. It was averred that at the time plaintiff had driven his truck to the pit, there were employes both of the township and of Goellner at work there, digging gravel to be loaded on the truck for defendant to cart away for use on the road.   It developed that the digging was carried on under the direction of the representatives of the township, and was done in such a way as to leave the walls of the pit in practically a perpendicular condition;   and further, that a crowbar was used to loosen the dirt at the top of the bank, and that the men dug down underneath, in order to get the gravel out from the pit, and that the pit had no slope.

It was further stated by counsel that plaintiff was waiting at the pit during the lunch hour for the men to resume work and load his truck, so that he could cart the gravel · away.   It was also stated that while he was waiting there he was not warned of any dangerous condition or that the gravel had been loosened at the top of the pit;   that he had no experience as to the operation of gravel pits, and hence,

without warning, did not know that the gravel might fall or slide. Counsel also stated that while plaintiff was in the gravel pit a large portion or section of the side or bank of the gravel pit fell and slid down upon plaintiff, breaking his back, and fracturing parts of his vertebræ, thereby causing paralysis of the lower part of the body, which unfortunate condition would be permanent.

Appellant contends that it was error for the court to have granted a nonsuit upon this state of facts. He argues that it established active wrong-doing, and that the municipality was acting, not in a governmental capacity, but rather in a business or proprietary function, whereby it would be liable for the injuries of the plaintiff.

This is a misconception of the facts and circumstances. No active wrong-doing is chargeable to the municipal corporation, which hired the men merely to dig, load and cart away the gravel for use in the road work in progress. The municipality cannot be said to have been engaged in business for profit or convenience merely because it made an agreement incidental to the performance of its public duty to build and repair its roads, no matter how advantageous the contract may have been. It did not own the pit, neither did it maintain or operate it. It bought the gravel with the right to dig and remove it in such quantities as was required for the work. It was therefore acting wholly within the scope of its functions, in the performance of a public duty.

When not actually engaged in a business for profit or convenience, the test as to municipal liability or non-liability may be summarized as follows:

It is well settled that a municipal corporation is never liable for the legal and proper exercise of a strictly governmental function, or for a breach or neglect of a public duty constituting a public evil or nuisance, affecting the body of the people as a whole, where the only remedy is by indictment, although individuals may sustain injury thereby; but it is so liable where its wrong-doing creates only a private nuisance, for which no indictment will lie, or where there is active wrong-doing chargeable to the corporation.

The review of cases in *Olesiewicz* v. *Camden*, 100 *N. J. L.* 336, supports this doctrine. Applying the test to the case in hand, we find no suggestion of the creation or maintenance of any nuisance, public or private, nor any facts tending to show active wrong-doing chargeable to the municipality. On the contrary, however, the facts stated would show a legal and proper exercise by the municipality of a strictly governmental function, and as a result there is in our opinion no liability in damage to the plaintiff under these circumstances.

The judgment of nonsuit was properly directed, and will therefore be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TREN-CHARD, CAMPBELL, LLOYD, BODINE, VAN BUSKIRK, McGLEN-NON, KAYS, HETFIELD, DEAR, JJ. 11.

*For reversal*—None.